ALEMAÑY, PLAINTIFF AND APPELLEE, v. GARCÍA, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action
to Recover Possession.

No. 1780.—Decided March 14, 1918.

ACTION TO RECOVER POSSESSION.—In order that an action to recover property
may prosper, it is only necessary that the plaintiff had actual possession of
the property and was deprived of such possession by an unlawful act of the
defendant.

ADMINISTRATOR—SEIZURE OF PROPERTY OF PERSONS NOT HEIRS—UNLAWFUL ACT.—
A person who has been appointed administrator commits an unlawful act
when, without an order or authorization of the court and availing himself
of the certificate of his appointment, he deprives a person not an heir of
the possession of a property, for he exceeds his authority as administrator.

ID.—ID.—RIGHTS OF HEIRS.—As an administrator cannot take possession of a
property held by a person who is not an heir, if the heirs have any owner-
ship rights in such property because it belonged to their ancestor they may
assert such rights in the proper way in the courts, according to section 443
of the Civil Code.

The facts are stated in the opinion.
*Mr. José Sabater* for the appellant.
*Mr. Angel A. Vázquez* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

This is an appeal by the defendant from a judgment of
the District Court of Mayagüez of February 28, 1917, sus-
taining the complaint and ordering in consequence that the
plaintiff be restored to the possession of a parcel of land of
sixteen acres forming part of a property of forty-seven acres
and that his possession be respected by the defendant, with
the costs, expenses, disbursements and attorney fees against
the defendant.

In the amended complaint filed on December 19, 1916, in
an ''action to recover possession'' the plaintiff, Gaspar Ale-
mañy y Oliver, alleged as material grounds for his action
that by a public deed executed to him on July 17, 1915, by
the marshal of the District Court of Mayagüez in compliance
with an order of the said court, he acquired at public auc-

tion a rural property of forty-seven acres, whose boundaries are therein described, situated in the ward of Cerrote of the municipal district of Las Marías, said deed having been recorded in the registry of property in the name of the purchaser; that he entered into the possession of the said property on that date; that towards the end of November, 1915, and without order or authorization of the court, defendant Epifanio García Hernández, as administrator of the Succession of Isidro García, unlawfully and forcibly deprived him of the possession of a parcel of sixteen acres, a part of the described property situated in the northwestern part thereof; that since the latter part of November, 1915, the defendant has continued in possession of the said parcel, making use of the products thereof, until the month of July, 1916, when the plaintiff was restored to the possession thereof by an order of the court to secure the effectiveness of the judgment.

The complaint concludes with a prayer for judgment ordering that the plaintiff be restored to the possession of the sixteen acres of land and that such possession be respected by the defendant, without prejudice to the lawful exercise by the latter of any right to which he may deem himself entitled, with the costs, expenses, disbursements and plaintiff's attorney fees against the defendant in the capacity in which he has acted.

In answering the complaint the defendant pleaded that it did not state facts sufficient to constitute a cause of action and further alleged that when he showed the plaintiff his letters as administrator of the property of the deceased Isidro García, said plaintiff voluntarily delivered to him the possession of the parcel of sixteen acres, of which the plaintiff was in possession without any right thereto; that said property of sixteen acres does not form part of any property belonging to the plaintiff, for it belongs to the Succession of Isidro García, who died on October 25, 1881, after having purchased it on January 29, 1880, from Juan Santos Sotomayor, whose title was recorded in the registry of property

on July 28 of the following year, whereas the title of the plaintiff is derived from a possessory title proceeding and its record has not been converted into a record of ownership.

The case was brought to trial and the Mayagüez court rendered the judgment which, as we said at the beginning of this opinion, is the basis of the present appeal.

The appellant makes the following assignments of error:

*First.*—That the court erred in considering and holding that the action is one to recover possession since it really is an action of ejectment, according to the allegations of the complaint.

*Second.*—That the court erred in weighing the evidence and the judgment is contrary to law.

*Third.*—That the plaintiff's evidence is insufficient to sustain the complaint.

The action brought by the plaintiff is a possessory action, for the title of the complaint styles it an ''action to recover possession,'' and this is confirmed by the prayer, which is for restoration to possession only and not for a judgment of ownership. It is also shown by the complaint itself in which the plaintiff alleges that he was in possession and was unlawfully deprived thereof by the defendant. The allegations of ownership by virtue of which the plaintiff is entitled to possession and of its consequent record in the registry may be unnecessary, but they do not change the object of the action.

It is true that there is no evidence to show that the defendant forcibly took the land in question from the plaintiff, but this was not necessary to establish the plaintiff's case. In order that the said action may prosper, the only indispensable requisites are the actual possession of the property by the plaintiff and his deprivation of such possession by an unlawful act of the defendant. There is no doubt that Gaspar Alemañy y Oliver was in possession of the sixteen acres of land and that defendant Epifanio García Hernández unlawfully deprived him of such possession. The defendant,

as was very properly said by the judge in his opinion, neither asked for nor obtained an order or authorization of the court to take possession. He had only his appointment as administrator, evidenced by a certificate of the clerk of the said court, describing the property which the administrator should and did take possession of, but that document is not equivalent to an order or a decision and did not authorize the defendant to take possession of the property described. The terms of the certificate of appointment as administrator were what caused the plaintiff to agree to give up the land, for when the defendant in demanding possession of the property said to him, "Take notice of that," alluding to the certificate of his appointment as administrator, the plaintiff answered that he would not surrender possession unless the marshal were present and that if defendant took possession he would have to pay damages. The defendant's action was unlawful and could produce no legal effect, for he exceeded his powers as administrator.

The administrator, García Hernández, had no right to take possession of a property which was in the possession of a person who was not one of the heirs of Isidro García who died on October 25, 1881, and if the heirs of Isidro García had any right to the ownership of the said property because it had belonged to their ancestor, they could have exercised that right in the proper manner by soliciting the aid of the courts.

According to section 443 of the Civil Code, any person who believes that he has a right or action to deprive another of the holding of a thing shall petition the assistance of the competent authorities, provided the holder refuses to deliver up the said thing. And section 448 provides that every possessor has a right to be respected in his possession and if he be disturbed therein he shall be protected or reinstated in such possession by the means established in the laws of procedure.

The plaintiff did not deliver the property to the defendant

spontaneously and voluntarily, for while he acquiesced in the delivery it was under the influence of the certificate of appointment as administrator shown to him by the defendant for the purpose of carrying out his object, and his opposition was demonstrated by his demand that the marshal of the court should be present when he made delivery and by his claim for damages. He should be restored to his possession.

For the foregoing reasons the judgment appealed from should be                                                *Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.